(91 South. 731)

No. 24346.

CAMPBELL v. COOK.

(March 6, 1922.)

*(Syllabus by Editorial Staff.)*

1. Evidence ⟨⟩400(1)—Parol testimony not admissible to vary terms of act of sale, in absence of fraud or error.

In the absence of fraud or error, parol evidence was not admissible to alter or vary the terms of an act of sale under Civ. Code, art. 2276.

2. Evidence ⟨⟩460(6)—Whether sale was one by measure or by metes and bounds must be determined from recitals of act of sale, and not from parol testimony.

In action involving the right of a purchaser to diminution in purchase price for deficiency in acreage, the question whether the sale is one by measure or one by metes and bounds must be determined from the recitals in the act of sale, and not from parol testimony, under Civ. Code, art. 2276.

3. Vendor and purchaser ⟨⟩176—Sales; purchaser not entitled to diminution of price, where sale was by metes and bounds, and not by measure.

Where act of sale of specified number of acres, "more or less," described the land by boundaries, and there was no error as to such boundaries, the purchaser was not entitled to a diminution of price by reason of deficiency in acreage because of error in measurement, in the absence of concealment or fraud, in view of Civ. Code, art. 2495.

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; W. T. Cunningham, Judge.

Action by C. L. Campbell against G. J. Cook. Defendant's motion to dissolve injunction granted, and plaintiff appeals. Affirmed.

Breazeale & Breazeale, of Natchitoches, for appellant.

Cook & Cook, of Shreveport, and M. L. Dismukes, of Natchitoches, for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

LECHE, J. Defendant sold to plaintiff certain property which is described as follows:

"A certain tract of land with all the buildings and improvements thereon situated in the parish of Natchitoches about three miles below the town of Natchitoches on the right bank of Cane river descending, and containing 177 acres more or less as shown by map made by J. C. Henry, surveyor, in the possession of the vendor herein, being bounded above by property of James E. Keegan, below by property of O. L. Baker and in the rear by property of Jackson and in the front by Cane river and being the same property acquired by the vendor herein from L. P. Edrington and E. F. Carver, and lying in section 67, township nine north, range seven west. 2d. The following live stock and farm implements; 6 mules, 2 mares and colts, 2 yearling colts, one 3½ year old mare, one 4 year old horse. [Then follows a long list of agricultural implements, tools, etc.]"

The consideration for which this sale and transfer was made was the price and sum of $20,250. Of this amount $5,000 was paid cash, and the balance was represented by 3 notes, payable, respectively, December 1, 1918, December 1, 1919, and December 1, 1920.

Plaintiff having failed to pay the last two notes representing the purchase price of the property, defendant obtained executory process thereon, and the present proceeding, in the nature of an action "quanti minoris," is an opposition and injunction to such process, by plaintiff, substantially on the ground that he purchased the property at the rate of $100 per acre, that there is a deficiency of 53.47

acres, and that he is entitled to a corresponding credit upon the notes in suit.

A motion to dissolve on the face of the papers was sustained by the district court, and plaintiff appeals.

The record discloses that the motion to dissolve, which is tantamount to an exception of no cause of action, was passed upon by the trial judge only after plaintiff had attempted to prove by parol that defendant had agreed to sell and actually had sold him the property at the rate of $100 per acre, and, after plaintiff failed to produce written or documentary evidence outside the act of sale, to establish the alleged agreement.

[1, 2] In the absence of fraud or error, and none is alleged by plaintiff, the ruling of the trial judge, excluding parol testimony to alter or vary the terms of the act of sale, is in strict accord with article 2276 of the Civil Code.

[3] The only question then to be decided is whether the sale was one by measure or one by metes and bounds, and that question must be determined from the recitals in the act of sale. The boundaries are all given, and their correctness is not challenged. Plaintiff does not dispute the fact that defendant delivered to him all the land included inside of these boundaries. But he says that the property is described as containing 177 acres more or less, and that defendant only delivered to him 123.53 acres. The error of which he complains is in the measurement, and the jurisprudence is settled that where there is error as to quantity and none as to boundary, the purchaser cannot claim a diminution of the price in the absence of concealment and fraud. Gughlielhmi v. Geismar, 46 La. Ann. 284, 14 South. 501; Hennen's Digest, page 1338, No. 2, page 1339, No. 15.

The sale was per aversionem, and plaintiff has no right to claim a diminution of the price. C. C. 2495.

The judgment appealed from is affirmed.