134 So.2d 679 (1961)
Salvador SCURRIA, Jr.
v.
Vincent J. RUSSO et al.
No. 21463.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1961.
On Rehearing November 6, 1961.
Rehearing Denied December 4, 1961.
*680 Reed, Reed, Reed & Garvey, Floyd J. Reed, New Orleans, for plaintiff-appellee.
Charles E. Cabibi, New Orleans, for Vincent J. Russo, defendant-appellant.
JANVIER, Judge.
This controversy results from an agreement to purchase a certain piece of unimproved property in New Orleans, which agreement never ripened into a sale because of the fact that the measurements shown in the agreement were substantially greater than the actual measurements of the property. The prospective purchaser refused to take title unless at a price reduced in accordance with the area shortage of the property. He then brought this suit, praying that the vendor be ordered to deliver title to the property at a reduced price, or, in the alternative, that there be judgment against him for the return of the deposit and for a like amount as a penalty for failure to comply with the contract, for certain expenses to which he had been put, and for an attorney's fee.
The real estate agent, who had negotiated the contract and with whom the deposit had been made, was also made a party defendant, and judgment was prayed for against him ordering him to return the deposit.
The defendant, the prospective vendor, denied liability to plaintiff and prayed for judgment against him declaring the deposit forfeited because of failure to pay the purchase price, and he also prayed that he be allowed an attorney's fee as provided in the contract.
There was judgment in favor of plaintiff against the prospective vendor for the return of the deposit, for a like amount as a *681 penalty and for certain expenses and for an attorney's fee which was fixed at $300. There was also judgment against the real estate agent ordering the return of the deposit. Only the prospective vendor has appealed. The plaintiff has answered the appeal, praying that the amount awarded as an attorney's fee be increased to $500.
The unimproved property was in a square in which there were no improvements, no fences, and no marks or measurements to indicate the exact location of any of the lots into which the square had been divided.
The prospective purchaser, Salvador Scurria, Jr., noticed a "For Sale" sign of the agent, Mark W. Kennedy, and entered into negotiations for the purchase of the lot. The price was ultimately agreed upon and the purchaser signed an offer to buy for $6,250. The property was described as "Lot 300 Sq. 14, Sable corner Norton, St. Bernard Parish, on grounds measuring about 80 × 106, or as per title."
The offer was accepted by the defendant vendor and the deposit of ten per cent was made with the real estate agent. It then developed that, while the property in fact measured 80 feet front on Sable Street and 106.57 feet on the side line which was 80 feet from the corner of Norton Avenue, it measured only 90.19 feet on Norton Avenue instead of 106 as shown in the contract, the frontage on Norton Avenue being nearly 16 feet less than it should have been according to the contract. The result was that the rear line of the property which should have paralleled the front line on Sable Street ran at an angle from a point 90.19 feet on Norton Avenue to a point 106.57 feet from the front line on Sable Street on the other side. It thus appeared that there was an actual square foot shortage of more than one-twentieth of the area contemplated by the measurements shown in the agreement. When this was discovered on examination of the plat of survey, which was delivered to the purchaser after he had signed the offer, he demanded that the purchase price be reduced in accordance with the area shortage.
This demand was based on Article 2494 of our LSA-Civil Code, which reads as follows:
"In all other cases, whether the sale be of a certain and limited body, or of distinct and separate objects, whether it first set forth the measure, or the designation of the object, followed by its measure, the expression of the measure gives no room to any supplement of price, in favor of the seller, for the overplus of the measure; neither can the purchaser claim a diminution of the price on a deficiency of the measure, unless the real measure comes short of that expressed in the contract by one-twentieth part, regard being had to the totality of the objects sold; provided there be no stipulation to the contrary."
At this point counsel for the plaintiff apparently miscalculated the amount by which, according to plaintiff, the purchase price should have been reduced and demanded a reduction of more than plaintiff would have been entitled to, even had it been conceded that the situation was controlled by that codal article. This miscalculation is of no importance since, as will be hereafter shown, the defendant vendor refused to make any reduction whatever in the price of the property.
The vendor refused to comply with the demand for reduction insisting, as just stated, that he would not transfer title except on payment of the full purchase price stipulated for in the contract. When the parties appeared in the office of the notary public for the passage of the act of sale, the vendor, after consultation with his attorney, declined to proceed except on receipt of the full price, and, since he was obviously adamant in this demand, no formal tender of the lesser amount was made.
Defendant presents several contentions. First, he directs attention to the wording *682 of the agreement and especially to the fact that the agreement contained the word "about" and that after the measurements shown, there appeared the words, "or as per title." From this it is argued on behalf of the defendant that the purchaser was bound to accept the measurements shown in the title and could not say that he was entitled to the measurements shown in the agreement.
At this point we direct attention to the fact that the word "about" and the words, "or as per title" were printed as a regular part of the printed form produced by the agent of the vendor.
Defendant relies also on Article 2495 of our Code which reads as follows:
"There can be neither increase nor diminution of price on account of disagreement in measure, when the object is designated by the adjoining tenements, and sold from boundary to boundary."
He maintains that here "the object" of the sale was "designated by the adjoining tenements" and was "sold from boundary to boundary," and that, therefore, in accordance with that article there can be "neither increase nor diminution of the purchase price on account of disagreement in measurement."
Defendant also maintains that in any event the purchaser has defaulted on his contract since he made no formal tender even of the lesser amount which he contends the vendor should have been willing to accept.
So far as the tender is concerned, it is shown that the purchaser was present and was willing and ready to accept title and to pay the reduced price, but that, as already stated, the vendor made it known that he would not accept one penny less than the full amount. Accordingly, the purchaser was not required to resort to the formality of tendering the price which he thought he should pay. Louisiana Highway Commission v. Bullis, 197 La. 14, 200 So. 805; MacLeod v. Hoover, 159 La. 244, 105 So. 305.
The other contention of the vendor is more substantial, though we are unable to agree with it. This contention is that the agreement contained the word, "about" and the words, "or as per title" and that, since the purchaser saw the property and knew what he was buying, he is bound to take title in accordance with the title of his vendor and cannot take advantage of the article of the code under which he demanded a diminution in price.
The important question which is presented in cases such as this is whether the purchaser was influenced to buy as a result of the measurements of the property, or whether he was influenced by knowledge of its boundaries. When a purchaser can look at the boundaries of the property and his decision to buy is made as a result of seeing those boundaries and knowing just what piece of property he is buying, the sale is made to be per aversionem. In such case the buyer is not influenced by the surface area or size of the property so much as by its boundaries, and if it develops that the measurements are not exactly what the parties thought they were, the buyer is nevertheless bound to take the property in accordance with the contract.
However, when he cannot see, by buildings, or fences, or other marks or monuments just what the boundaries of the property are, it may be said that he is influenced by the surface area or by the measurements and that if the measurements are deficient by "one-twentieth part," he is entitled to a reduction in the price in accordance with the loss of square foot area. This was held in Favrot & Livaudais v. Stauffer, 112 La. 158, 36 So. 307, 310. There the measurement of front footage was given as 31 feet, whereas that front footage was actually only 21 feet. Even though there was a building on the property, the Supreme Court held that the purchaser *683 had been influenced by the measurements, that the sale was not per aversionem. Accordingly, since the purchasers had taken title, the Supreme Court said that they were entitled to "recover judgment of the defendant in proportion to the difference in measurement between number of feet and inches the lot actually measures and that stated in the deed * * *."
In the case at bar, the prospective purchaser knew that he was buying the corner lot, and he was told by the contractor that that lot had a front footage of 80 feet on Sable Street and a front footage on the more important Norton Avenue of 106 feet, but there was nothing of any kind, neither building nor fence, to designate the boundaries of the property, and the plaintiff was justified in feeling that he was to get a frontage of about 106 feet on Norton Avenue. He had no means of knowing that he was getting only 90.19 feet on that avenue.
Counsel for defendant argue that the plaintiff could have ascertained the true measurements by examining the title or by looking at the plat of survey. Surely he was not required, before agreeing to buy the property, to have a title examination made, and the plat of survey was not given to him until he had signed the contract, and, according to defendant, was already bound by it.
Counsel for defendant cites several cases in each of which a purchaser was required to accept title to property having a smaller area than was contracted for, but in each of those cases there were visible boundaries which justified the application of the principle used where sales are per aversionem. For instance, in Fitzgerald v. Hyland, 199 La. 381, 6 So.2d 321, 323, the purchaser was required to accept title to property which, according to the agreement of sale, had a depth of 205 feet, whereas the actual depth was only 165 feet. It is true that there the property was unimproved. However, the contract stated that the property fronted on Jefferson Highway and ran through the square. This meant that it ran from the highway on one side to a street on the other and the purchaser could see exactly what he was buying. He was buying from the highway on one side line through the entire square to the street line on the other, and he was not misled by the fact that the distance from the highway to the street was less than was stated in the contract. The Supreme Court said:
"There is no dispute between the parties as to the identity of the lot or plot of ground which plaintiff intended to purchase and defendants intended to sell. * * *"
Surely, in the case at bar there is a dispute as to the identity of the lot since all that was known about it was that it was the corner lot.
In Campbell v. Cook, 151 La. 267, 91 So. 731, the Supreme Court said that it was dealing with a sale per aversionem since there was no dispute as to the boundaries. The Court said:
"* * * and the jurisprudence is settled that where there is error as to quantity and none as to boundary, the purchaser cannot claim a diminution of the price in the absence of concealment and fraud. * * *"
Here, as already stated, there was a definite dispute as to the boundaries.
In Hunley v. Ascani, 174 La. 712, 141 So. 385, 386, we again find a case involving a sale per aversionem. There the Supreme Court approved the opinion of the District Judge and quoted from it as follows:
"* * * What was offered for sale, what was seen, what was contracted for? The evidence convinces me that what was offered was this double cottage situated on Seventh Street, and that the grounds, as shown by visual observation to the two prospective purchasers was the property they saw. They saw the lines, they saw the community driveway, they saw the rear *684 of the property, they saw everything connected with it * * *."
In the case at bar the purchaser saw nothing to indicate what the boundaries were.
In Dickson v. Mayer, 2 Orleans App. 33, is found a very interesting case in which there were involved lands which were "within certain fixed and definite boundaries." This Court, then the Court of Appeal for the Parish of Orleans, held that the sale was per aversionem, making the following statement:
"* * * The property is described as being within certain fixed and definite boundaries, these boundaries being established by the national government, the lands being sold from one fixed and definite boundary to another fixed and definite boundary. * * *"
In Wurzburger v. Meric, 20 La.Ann. 415, the Court held the sale was per aversionem because the evidence showed the following:
"* * * the plaintiff was in the house, and afterwards out in the yard, and saw the lot which was enclosed all around; * * *".
In Kirkpatrick v. M'Millen, 14 La. 497, is found another very interesting situation in which there were involved different pieces of property, two lots fronted on Girod Street, and the others fronted on St. Paul Street. The Supreme Court said that it might have been hard to determine the boundaries of either piece of property were it not for the fact that they were situated in the same square, the two lots being in the rear of the other and all together running from one street to the other street. This was a situation almost identical with that which was found in the case of Fitzgerald v. Hyland, supra.
To revert once again to the use of the words, "about" and "or as per title", we attach some significance to the fact that if defendant is correct, where those words are used there can be no complaint by the purchaser. We find it difficult to agree because of the fact that, as a result, even should there be a tremendous shortage in area, the purchaser must nevertheless take title merely because in his contract he had accepted those words which indicate that the measurements were not exactly correct.
Our conclusion is that the plaintiff was not required to take title except at a proper reduction in price. However, since the property has since been sold to another purchaser, there can be no specific performance. The necessary result is that plaintiff is entitled to recover his deposit, together with a like amount as a penalty, and a small amount of expenses to which he was put, and an attorney's fee.
We think that, in view of the amount involved and the time expended in the preparation for the trial of the case, together with the preparation of the brief and the argument before this Court, the attorney's fee awarded should be increased to $500.
For the reasons assigned, the judgment appealed from is amended so as to increase the amount awarded for attorney's fees to $500; in all other respects the judgment is affirmed, all at the cost of appellant.
Amended and affirmed.

On Rehearing.
Before YARRUT, SAMUEL and HALL, JJ.
SAMUEL, Judge.
On application of the appellant, in which it is now contended that the award of an attorney's fee should not have been made in our original judgment, we granted a rehearing limited to that question.
Ordinarily attorney's fees are not recoverable as an item of damages unless provided for by statute or by contract and no award of such fees can be made if not so particularly authorized. Breaux v. Simon, 235 La. 453, 104 So.2d 168; Bentley v. Fischer Lumber & Mfg. Co., 51 La.Ann. 451, 25 So. 262; see 34 Tul.L.Rev. 146.
*685 The instant case falls under this general rule. Therefore, in view of the fact that the appellee has not called to our attention any statute which provides for the payment of attorney's fees as damages under the facts involved herein, and knowing of no such statute, we hold that the contract between the parties must make provision for the collection of attorney's fees or the same cannot be allowed.
The contract here involved is the so called standard printed form of agreement to purchase or sell real estate, composed and distributed by the Real Estate Board of New Orleans, Inc., and marked in the upper left-hand corner "For exclusive use of `Realtors'". It contains the following three paragraphs pertinent to the present issue:
"In the event the seller fails to comply with this agreement within the time specified or for any other reason, the purchaser shall have the right either to demand the return of his deposit in full plus an equal amount to be paid as penalty by the seller; or the purchaser may demand specific performance, at his option.
"In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit, ipso-facto, forfeited, without formality beyond tender of title to purchaser; or the seller may demand specific performance.
* * * * * *
"Either party hereto who fails, for any reason whatsoever, to comply with the terms of this offer, if accepted, is obligated and agrees to pay the agent's commission and all fees and costs incurred in enforcing collection and damages."
It is the contention of the appellee that the last quoted paragraph provides for the payment of attorney's fees as damages to a successful litigant regardless of whether that litigant be the prospective purchaser, the prospective seller, or the agent. He relies chiefly on the cases of Poche v. Ruiz, 239 La. 573, 119 So.2d 469, Caplan v. Airport Properties, 231 La. 1071, 93 So.2d 661, and Ducuy v. Falgoust, 228 La. 533, 83 So. 2d 118. We are of the opinion that these cases are not controlling for the reason that in none of them was there presented for the Court's determination the particular point here involved.
In the case of Caplan v. Airport Properties the only question before the court relating to attorney's fees was whether or not those fees were excessive. The other two cases, Poche and Ducuy, did not discuss the merits of the present issue. They merely pointed out that both parties, by their pleadings, had construed the provision in question to cover attorney's fees. Neither party appears to have contended the contrary and we are confident that no such contention was made.
In the instant case appellant has reconvened for the amount of the deposit and an attorney's fee and has specifically alleged that he is entitled to recover such fee. Appellee urges that this allegation estops him from now complaining of a construction of the contract so as to sustain the award of the fee. We cannot agree. A litigant is estopped or bound by allegations of fact in his pleadings, but not by allegations which are only pronouncements or conclusions of law. D. H. Holmes Co. v. Morris, 188 La. 431, 177 So. 417, 114 A.L.R. 905; Iglesias v. Campbell, La.App., 175 So. 145; Central Sav. Bank & Trust Co. v. Succession of Brandon, La.App., 167 So. 515. The allegation here is a mere conclusion of law and is not binding on the pleader.
The first two quoted paragraphs of the contract set out the rights of the purchaser and the seller upon default by the other party. The agreement contains no stipulation to the effect that either of these parties is entitled to collect, in addition to the deposit or double thereof, a fee for his attorney. The last quoted paragraph refers *686 only to fees and costs incurred in enforcing collection of the agent's commission and has no reference to either seller or purchaser.
We adhere to and follow the views expressed by this court in Matthews v. Gaubler, La.App., 49 So.2d 774, a case directly in point and to the effect that under similar contractual provisions the prospective purchaser could not recover his attorney's fee.
For the reasons assigned the judgment appealed from, only insofar as it awards attorney's fees, is annulled, avoided and reversed; in all other respects the judgment appealed from is affirmed.
Affirmed in part; reversed in part.