299 So.2d 474 (1974)
Maurice S. KANSAS
v.
Dr. Philip A. SCHAEFFER and Sandra, Inc., Realty.
No. 6289.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1974.
Rehearings Denied September 10, 1974.
Writs Refused November 15, 1974.
Stone, Pigman, Walther, Wittmann & Hutchinson, Cynthia A. Samuel, New Orleans, for Maurice S. Kansas, plaintiff-appellant.
Morphy, Freeman, Holbrook & Faulkner, A. D. Freeman, New Orleans, for Dr. Philip A. Schaeffer, defendant-appellant.
*475 Tucker & Schonekas, Gibson Tucker, Jr., New Orleans, for Sandra, Inc. Realty, defendant-appellant.
Before REDMANN, and GULOTTA, JJ., and MARCEL, J., Pro Tem.
GULOTTA, Judge.
This is a dispute involving a deposit placed with a real estate agent in connection with an agreement to purchase real property.[1] The plaintiff seller initially directed his claim for forfeiture of the deposit against the purchaser. By third party pleadings and reconventional demands, the purchaser seeks return of the deposit; the real estate agent seeks a commission; and all parties seek attorney fees, interest and costs. The sale was never consummated because of the inability to obtain financing in the amount and under the terms stipulated in the agreement.
The facts are that on July 27, 1972, Dr. Philip A. Schaeffer agreed to purchase real property belonging to plaintiff for the sum of $115,000.00 conditioned on his ability to obtain a mortgage loan in the sum of $92,000.00 at 8¼ percent interest payable in 25 years. The stipulated interest and term for payment afforded problems in financing, and a second agreement dated August 23, 1972 was entered into for the sale of the property in the same amount. However, the stipulated rate of interest was 9 percent, and the term for payment was increased to 30 years. The amount to be financed was reduced to $91,200.00. It was stipulated in the August 23 agreement that the act of sale was to be passed after August 30, 1972 and prior to September 1, 1972.[2] With the exception of the amount and terms of financing and the date for passing the act of sale, the provisions of the agreements were similar. We are concerned here with the claimed breach of the second agreement entered into on August 23.
It is plaintiff's contention that according to the terms of the agreement financing may be obtained by the seller, purchaser or agent. According to plaintiff, because he was not advised by defendant or the agent of the difficulty in obtaining financing, but was led to believe that financing had been arranged, he (the seller) was not afforded the right and opportunity of arranging a mortgage loan. Because of this failure, plaintiff claims the purchaser did not exert a diligent effort to obtain the fulfillment of the condition to obtain financing. Therefore, plaintiff says, Dr. Schaeffer failed to comply with the terms of the contract and as provided in such instances, he (plaintiff) is entitled to forfeiture of the deposit,[3] attorney fees and costs.
It is Dr. Schaeffer's position in seeking the deposit return, attorney fees, interest and costs that, under the terms of the agreement, when financing cannot be obtained within the time stipulated, the contract becomes null and void and the agent is authorized to return the deposit to the purchaser.[4] Dr. Schaeffer argues that the seller's demand upon the agent to forfeit the deposit to him constitutes a failure of compliance with the agreement. The purchaser seeks to invoke the provision of the contract which reads:
"Either party hereto who fails, for any reason whatsoever, to comply with the *476 terms of this offer, if accepted, is obligated and agrees to pay the agent's commission and all reasonable attorney's fees and costs incurred by the other party, and/or agent in enforcing their respective rights."
Dr. Schaeffer relies also on Louisiana Civil Code Art. 1935 which provides:
"The damages due for delay in the performance of an obligation to pay money are called interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more."
Finally, Dr. Schaeffer seeks damages for frivolous appeal because of plaintiff's refusal to allow the deposit to be returned to him.
Sandra, Inc. Realty, in claiming the real estate commission, attorney fees, costs, contends that the contract clearly provides for the return of the deposit to the purchaser when financing is unable to be obtained. The realtor argues, because of plaintiff's demand for forfeiture, Sandra was prevented from returning the deposit to Dr. Schaeffer. According to the realtor, plaintiff's action constituted failure of compliance with the contract and in such instance, plaintiff is bound for the payment of the commission, attorney fees and costs. Sandra relies on the following provision of the agreement:
"Either party hereto who fails, for any reason whatsoever, to comply with the terms of this offer, if accepted, is obligated and agrees to pay the agent's commission and all reasonable attorney's fees and costs incurred by the other party, and/or agent in enforcing their respective rights."
The trial judge dismissed plaintiff's main demand and all third party claims and reconventional demands with the exception of Dr. Schaeffer's claim for return of the deposit. All parties appeal.
While no reasons were assigned for the dismissal, it is clear the trial judge invoked the provisions of the contract which read as follows:
"Should purchaser, seller or agent be unable to obtain the loan stipulated above within _________ days from acceptance hereof, this contract shall then become null and void, and the agent is hereby authorized to return the purchaser's deposit in full. Commitment by lender to make loan, subject to approval of title, shall constitute obtaining of loan."
We are in agreement with the result reached by the trial judge ordering the return of the deposit to purchaser. Upon failure of the suspensive condition (the obtaining of the loan), the agreement became null and void under the terms of the contract. It is clear that defendant Schaeffer made a diligent effort to obtain financing. It is also equally clear that plaintiff had knowledge of defendant's difficulty in obtaining a loan.
According to the undisputed testimony of Dr. Schaeffer, Sandra Hyman, the realtor; Rosemary Pratt, a sales agent of Sandra Realty; as well as the testimony of representatives of the lending institution, the purchaser made several applications for financing. Application to Pelican Homestead was declined on August 1. Application to New Orleans Federal Savings & Loan Association was made on August 3 and denied on August 15. At the time that the August 23 agreement had been entered into, the Bank of New Orleans and Bank of New Orleans Mortgage Corporation had been contacted for financing. In addition, other employees of Sandra stated that attempts were made to place the loan at other lending agencies without avail. The plaintiff did not deny that he was aware of the attempts made at Pelican, New Orleans Federal and the Bank of New Orleans. Under the circumstances we cannot conclude that the purchaser and the realtor did not make a diligent effort to obtain a loan according to the terms of the agreement.
Nor can we conclude that plaintiff was not advised and was not made aware of *477 the difficulty encountered in seeking the loan. According to plaintiff's testimony, he insisted upon written evidence that a loan had been approved prior to entering into the second agreement to sell dated August 23. We can only conclude this demand was made because of his awareness of the difficulty in obtaining the loan. No actual approval was supplied; however, a letter from Bank of New Orleans Mortgage Corporation dated August 22 indicated that a "firm commitment is contingent upon approval by the insurance underwriters for the terms and conditions of the loan." Bank of New Orleans Mortgage Corporation ultimately declined to make the loan.
While plaintiff testified he had not heard from the purchaser or the realtor relative to the difficulty encountered in getting the loan prior to the closing date for the sale (September 1), he acknowledged that Sandra Hyman on August 28 asked his help in obtaining financing from his "friend" at New Orleans Federal. According to plaintiff, his attempt to make contact was unsuccessful. Kansas stated he suggested to the realtor that Pelican or Security Homestead might place the loan. However, Sanda Hyman testified she sought the loan from New Orleans Federal because plaintiff represented that they had an outstanding loan on the property, and they might be more amenable to refinancing the property. According to the realtor, when it became apparent on August 29 that the loan was not obtainable from the lending agency, plaintiff suggested that Sandra Hyman pursue the application at the Bank of New Orleans. It was not until August 31 that the realtor was advised that the Bank of New Orleans loan application had been disapproved. This information was conveyed on that afternoon to the attorney for plaintiff and to Dr. Schaeffer.
The record is clear that Kansas was kept advised of the attempts to obtain the loan all through the negotiations and until the final disapproval on the afternoon of August 31. The loan was simply unobtainable; and according to its terms, the contract became null and void. The purchaser is entitled to the return of the deposit.
We reject all parties' claims to attorney fees, commissions and costs sought under the terms of the contract arising from failure of compliance with its terms.
This agreement by its very terms becomes null and void when there is no fulfillment of the suspensive condition. When a contract is null and void, it is as if the agreement was not written. The parties revert to their respective positions before they signed the agreement. Garlete v. Rodriguez 126 So.2d 182 (La.App. 4th Cir. 1961). There can be no failure of compliance with an agreement that has become null and void, nor can any rights flow from such an agreement. Richmond v. Krushevski, 243 La. 777, 147 So.2d 212 (1962).
Accordingly, we conclude the trial judge properly dismissed all claims for commissions, attorney fees and costs connected with the sale. The judgment is affirmed.
Affirmed.
NOTES
[1] The standard real estate agreement to purchase and sell is used here.
[2] The agreement dated July 27 stipulated the act was to be passed after September 1 and prior to September 15.
[3] The agreement provides:

"In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit, ipso-facto, forfeited, without formality beyond tender of title to purchaser; or the seller may demand specific performance."
[4] The agreement provides:

"Should purchaser, seller or agent be unable to obtain the loan stipulated above within _________ days from acceptance hereof, this contract shall then become null and void, and the agent is hereby authorized to return the purchaser's deposit in full. Commitment by lender to make loan, subject to approval of title, shall constitute obtaining of loan."