357 So.2d 45 (1978)
Lola H. Lanusse, wife of/and Fernand J. LANUSSE
v.
Laura C. Gerrets, wife of/and Ludovic J. GERRETS and William L. Andry.
No. 8693.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1978.
Rehearing Denied April 11, 1978.
*46 W. Monroe Stephenson, New Orleans, for Laura C. Gerrets, w/o and Ludovic J. Gerrets, defendants-appellants.
Charles L. Chassaignac, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for Lola H. Lanusse, w/o and Fernand J. Lanusse, plaintiffs-appellees.
Before BOUTALL, SCHOTT and GARSAUD, JJ.
BOUTALL, Judge.
Plaintiffs sued to recover their deposit made under an agreement to purchase real estate, plus attorneys' fees. Judgment was rendered in their favor and defendants appeal.
Mr. and Mrs. Fernand J. Lanusse entered into an agreement to purchase two lots of ground from Mr. and Mrs. Ludovic J. Gerrets on July 22, 1975, for $20,000. The sale was conditioned upon the ability of the purchaser to borrow upon this property as security the sum of $17,000, and the agreement stipulated that if the loan was unobtainable by purchaser, seller or agent within 30 days from date of acceptance, the contract became null and void and the agent was authorized to return purchaser's deposit in full. A deposit of $2,000 was made coincident with the agreement and placed with William L. Andry, an attorney for The Fidelity Homestead Assn., from which Andry was authorized to make 6 payments to that Homestead on the outstanding loan owed to Fidelity on the lots. The contemplated sale was never made and the Gerrets refused to permit Andry to return the deposit. This suit followed.
Appellant contends that the Lanusse's did not make a good faith attempt to procure the loan upon which the sale was conditioned, hence are in violation of the agreement, and have forfeited the deposit. The trial court rejected this contention and so do we.
Mrs. Lanusse testified that she shopped three homesteads in order to obtain the loan immediately after signing, and within a week had decided that she would place a *47 loan with the First Homestead & Savings Assn. The loan was not forthcoming because the Central Appraisal Bureau, upon whom the homestead relied, appraised the property at $15,000, obviously too low a base upon which to lend $17,000. She informed Mr. Gerrets of this fact and asked him to speak to the existing lender, Fidelity Homestead, about the possibility of a loan with it. At the same time she attempted to get a reappraisal, and in her efforts secured certain comparable sales which she submitted to First Homestead and succeeded in getting the appraisals raised to $16,000, still short of the necessary amount. She notified the Gerrets of this fact and was told that the agreement would be called off and a release between the parties would follow. Instead, she has been unable to recover the amount held on deposit by Mr. Andry, and Gerrets has refused to pay the balance. Opposed to this, Mr. Gerrets testified that Mrs. Lanusse did not contact him for the purpose of helping her get the loan, that he found a way that he could finance part of the loan himself and offered this possibility to Mrs. Lanusse, and that he did not request Mrs. Lanusse to execute a release from the agreement.
There is a patent conflict in the testimony of Mrs. Lanusse and Mr. Gerrets which the trial judge obviously resolved in favor of Mrs. Lanusse. We agree. The good faith of Mrs. Lanusse is evident from the agreement to use a portion of the deposit for the payment of the amount that Gerrets was in arrears on his existing loan as well as keeping that loan current during the term of the agreement. Her testimony as to her activities in attempting to obtain the loan is substantiated both by a loan officer of The First Homestead as well as the testimony of a representative of Latter & Blum who assisted her in seeking information to increase the appraisal amount. Despite the fact that the agreement by its terms expired thirty days from July 22nd, Mrs. Lanusse continued her efforts, and was still trying to obtain the loan as late as September 19th when she received the final insufficient commitment from First Homestead.
It is apparent that Gerrets' offer to finance a portion of the loan himself did not take place until he caused his attorney to communicate the offer by letter postmarked September 30 and received October 1 by Mrs. Lanusse, after the agreement had been cancelled. The purchasers have fully complied with the agreement and are entitled to the return of their deposit. Katz v. Chatelain, 321 So.2d 802, (La.App. 4th Cir. 1975), Woods v. Austin, 347 So.2d 897 (La.App. 3rd Cir. 1977), Kansas v. Schaeffer, 299 So.2d 474 (La.App. 4th Cir. 1974).
Defendants also appeal from the award of $400.00 attorney's fees for the services of an attorney to recover the deposit. We annul that award.
The parties point out to us that on the question of attorney's fees, there seems to be a difference, in approach in the cases of Katz v. Chatelain, supra, and Kansas v. Schaeffer, supra. Neither case is pertinent to the issue in this case, because the agreements in those cases were different than the agreement before us. There the agreements had definite provisions for attorney's fees to be due the parties. Here the agreement has not so provided and contains only the following provision: "Either party hereto who fails to comply with the terms of this offer, if accepted, is obligated and agrees to pay the agent's commission and all fees and costs incurred in enforcing collection and damages."
In the case of Scurria v. Russo, 134 So.2d 679 (La.App. 4th Cir. 1961) we held that this provision applied only to the agent and had no reference to the right of the buyer or seller to seek attorney's fees. This decision followed our prior decision in the case of Matthews v. Gaubler, 49 So.2d 774 (La.App. 4th Cir. 1951) and was in turn followed in the cases of Stack v. Irwin, 158 So.2d 853 (La.App. 4th Cir. 1964), reversed on other grounds, 246 La. 777, 167 So.2d 363 (1964); Centanni v. A. K. Roy, Inc., 258 So.2d 219 (La.App. 4th Cir. 1972); and Aubert v. Bourg, 259 So.2d 103 (La.App. 4th Cir. 1972). The right of a party other than an agent was not at issue in the appeal of *48 Wendell v. Dixon Real Estate Company, 232 So.2d 791 (La.App. 4th Cir. 1970) but that case did hold that the "fees" referred to are attorney's fees.
Only in the case of Kempff v. Morgan, 291 So.2d 520 (La.App. 4th Cir. 1974) have we held that such a provision entitles a buyer to attorney's fees. In that case we were of the opinion that the case of Ducuy v. Falgoust, 228 La. 533, 83 So.2d 118 (1955) along with Poche v. Ruiz, 239 La. 573, 119 So.2d 469 (1960) required us to award attorney's fees under similar contractual language. We have re-examined this proposition and we are now of the opinion that our original analysis of the effect of these cases in Scurria v. Russo, supra, is correct.[1] In both Ducuy and Poche the court stated that both parties by their pleadings had construed the agreement to cover parties' attorney's fees and both parties sought recovery. Neither case purported to analyze or rule upon our question because each recites, in effect, that the parties stipulated to the construction followed. Accordingly, we now follow the ruling in Scurria v. Russo and hold that this agreement does not provide for recovery of attorney's fees by parties other than the agent, and we reverse the award of attorney's fees to plaintiff.
Accordingly, we affirm the judgment appealed from with the exception of the award of attorney's fees, which we set aside and reverse in favor of appellant. Costs of this appeal are cast upon the appellant.
AFFIRMED IN PART, REVERSED IN PART.
SAMUEL, J., takes no part.
LEMMON, J., dissents.
LEMMON, Judge, dissents from the overruling and assigns reasons.
I disagree with overruling Kempff v. Morgan, supra, and holding that the buyer cannot collect attorney's fees and costs incurred in enforcing collection pursuant to the quoted contract language.
The majority interprets the provision as obliging either party who fails to comply "to pay the agent's commission and all fees and costs incurred in enforcing collection and damages" to the agent only. Yet it is difficult to perceive what damages an agent could sustain. The more reasonable interpretation is that the provision obliges the party who fails to comply to pay the agent's commission and to pay all costs and attorney's fees incurred by the agent and the prevailing party, plus damages otherwise due under the contract.
Finally, the Supreme Court in the Poche and Caplan v. Airport Properties, Inc., 231 La. 1071, 93 So.2d 661 (1957) cases affirmed awards of attorney's fees to the buyer under identical provisions, and while there was no specific discussion of whether such contractual language entitles a contracting party (and not just the agent) to such recovery, the holding itself obviously implies such an interpretation.
NOTES
[1] In accordance with our internal rules, we have submitted the issue of the conflict between our prior decisions in Scurria v. Russo, 134 So.2d 679 (La.App. 4th Cir. 1961) and Kempff v. Morgan, 291 So.2d 520 (La.App. 4th Cir. 1974) to the court en banc for determination of which principle we should follow.

It is the opinion of the court that the quoted contractual provision does not entitle a party other than an agent to recover attorney's fees. Accordingly, we follow the principle laid down by us in Scurria v. Russo, supra, and overrule the opposite principle in Kempff v. Morgan, supra. We also overrule the case of Williams v. Terese, 120 So.2d 80 (La.App. 4th Cir. 1960) to the extent that it suggests (by the apparent omission of part of perhaps the same clause) that such a provision supports attorney's fees for the buyer.