CUTRER, Judge.
In late 1980 plaintiff listed her home with C.D.T. Agency (Cecil Trahan Realty) through Mildred Clark, a listing agent for C.D.T. Defendant was in the market for a town house and contacted Ellinor Anderson, an employee of C.D.T., to locate a home.
Anderson showed plaintiff’s home to defendant on November 5, 1980. On November 21, 1980, Anderson and defendant submitted an “Agreement to Purchase or Sell” to Clark, plaintiff’s agent. This agreement had been signed by the defendant. The agreement was accepted by plaintiff the same day.
The agreement called for the sale to be closed and plaintiff to vacate by January 15,1981. Anderson selected an attorney to handle the closing and scheduled a meeting for Thursday, January 15, 1981. Plaintiff, Clark, Anderson and the closing attorney met on the 15th. They were informed by, one of defendant’s employees that the defendant was hospitalized and could not attend. Another meeting was set for the following day. At this meeting the sale papers were signed by plaintiff, then delivered to an employee of the defendant for transfer to the hospital for defendant’s signature. The defendant signed the sale papers and wrote a check for $78,566.00, the cash portion of the sale price, payable to plaintiff. The defendant also assumed an existing mortgage.
On Sunday, January 18, 1981, defendant, on an afternoon furlough from the hospital, visited the property where he noticed that a mantle and firescreen had been removed. Defendant called Anderson and complained about these items being missing and other items of complaint.
On Monday, January 19,1981, the defendant stopped payment on his check for $78,-566.00 that had been delivered to plaintiff. Plaintiff examined the conveyance record and found the transfer had been filed of record. Plaintiff consulted her attorney. Defendant refused to take possession of the property.
Plaintiff had vacated the premises in question on January 13, 1981. Because plaintiff did not realize any money on the sale to defendant, plaintiff was unable to complete the purchase of another town house which she had contracted to buy. At the time suit was filed plaintiff was renting a town house and the premises in question were unoccupied. Plaintiff was then paying the note on the premises in question and rent on another town house. Approximately six months after suit was filed plaintiff moved back into the premises in question at the request of defendant’s attorney “so as to reduce damages.” Plaintiff continued to make the payments on the premises.
The plaintiff brought suit for specific performance, attorney’s fees and damages. *646 The defendant reconvened for a declaratory judgment to have the sale declared invalid and also pleaded (not in the alternative) that, if he owed anything, he would get credit for rent owed by defendant at the rate of $750.00 per month.
The trial court rendered judgment awarding plaintiff $78,566.00 as the cash portion of the purchase price; $8,538.13 damages and $5,000.00 attorney’s fees. The reconventional demand of the defendant was dismissed.
Defendant appealed complaining only of the award of attorney’s fees and a portion of the damages awarded. We reverse in part and affirm in part.
Two issues are presented on appeal:
(1) Whether attorney’s fees should have been awarded to plaintiff; and
(2) Whether the plaintiff should have been awarded $6,340.68 for house payments she made after the cash sale and assumption was executed and, if so, whether defendant should be awarded a rental value of the house occupied by plaintiff for six months pending litigation.
ATTORNEY’S FEES
As a general rule attorney’s fees are not allowed a successful litigant in Louisiana except where authorized by statute or agreed to by contract. Rutherford v. Impson, 366 So.2d 944 (La.App. 1st Cir.1978), writ ref’d, 369 So.2d 140 (La.1979).
No statutory provisions cover this case. The contract must be examined to decide if attorney’s fees were properly awarded.
The contract to purchase signed by the plaintiff and defendant was a form used by C.D.T. The form contained blanks which were filled in by the selling agent; in this case, Anderson, to meet the particular needs of the parties to the contract. The form also provided for the contract to be “submitted to” the listing agent, Clark, for approval by the seller. This contract form puts defendant in the posture, as purchaser, of offering to buy from the plaintiff.
The disputed language regarding attorney’s fees is found at lines 58 and 59 of the form. These lines read as follows:

“Either party hereto who fails to comply with the terms of this offer, if accepted, is obligated and agrees to pay the agent’s commission and all fees and costs incurred in enforcing collection and damages.”

Plaintiff contends that “all fees” is a separate penalty provision encompassing attorney’s fees in addition to the penalty of paying the agent’s commission. Defendant contends the language “all fees,” etc., refers only to expenses incurred in collecting the agent’s commission.
The same language was interpreted by the court in the case of Lanusse v. Gerrets, 357 So.2d 45 (La.App. 4th Cir.1978). The court held that the provision only applied to the agent and had no reference to the right of the buyer or seller to seek attorney’s fees.
We hold that the provision specifically refers only to the fees and costs incurred in enforcing collection of the agent’s commission for making the sale. These fees and costs do not apply to suits for specific performance of the contract to sell. The trial court erred in awarding attorney’s fees and it will be reversed in this regard.
DAMAGES
The trial court found that the sale of .the town house was valid and complete. Plaintiff was awarded the purchase price called for in the contract. Defendant has not appealed this portion of the judgment. We will address the question, whether the trial court erred in its award of damages in conjunction with specific performance.
LSA-C.C. art. 2555 provides as follows:

“The purchaser, who neglects to obtain delivery of the thing sold, after having been put in default, is answerable to the vendor for the damage he may sustain on that account, and for the reimbursement of the expense which may have been incurred for the preservation of the thing.”

*647 Defendant stopped payment on his check for the purchase price. This was an active breach on his part and putting in default was unnecessary. LSA-C.C. art. 1932.
The only item of damages which defendant appeals is an award to the plaintiff for amounts paid on the note after the date of sale. Such reimbursement is authorized by art. 2555. By continuing to pay the note on the town house, plaintiff preserved the premises for defendant. Plaintiff prevented defendant from defaulting on the loan he assumed when the sale was entered into.
The trial court properly awarded plaintiff the amount paid on the house notes after the sale of January 16, 1981.
CREDIT FOR RENT
On the day of trial defendant amended his reconventional demand adding a claim for the rental value of the town house during the time plaintiff occupied the premises while this suit was pending. Looking beyond the inconsistency of defendant’s claiming that he had not purchased the premises and his request for rent on these same premises, we find the contract precludes any such rent being paid.
Lines 27 and 28 of the contract read as follows:

“Either party hereto who occupies the property without holding the title will do so as a tenant of the other party and will pay rent of $ ‘N.A.’ per month during occupancy.”

We note that the blank was filled by defendant’s agent by inserting “N.A.” Anderson, defendant’s agent, prepared this contract and submitted it to plaintiff.
The inserted “N.A.” may be interpreted to mean that the occupying party acknowledges title in the other party and that a dollar amount is “not applicable.” An alternative interpretation may be that the entire rental clause is “not applicable.” In that case, the confector of the contract, the defendant, through Anderson, saw the provision and intentionally did away with it. In either event, construing the contract most favorably for the non-confecting party, plaintiff, there is no rent provided for.
The trial court was correct in dismissing the reconventional demand disallowing any credit for rent.
For these reasons, the trial court’s award of attorney’s fees to plaintiff is reversed and set aside. In all other respects the judgment of the trial court is affirmed. The costs of this appeal are to be paid one-half by plaintiff-appellee and one-half by defendant-appellant.
REVERSED IN PART; AFFIRMED IN PART.