STOULIG, Judge.
This dispute, involving three separate suits which have been consolidated, arises out of an aborted real estate transaction in which Leonard A. Aubert agreed to sell and Lauland A. Bourg to buy a certain piece of property located at 1601 Newton Street in Jefferson Parish, Louisiana. The sale was never consummated and Aubert filed suit against Bourg and his realtor, Vincent J. Trapani, for $2,300, the amount of the deposit specified in the agreement to purchase, together with attorney’s fees and costs. Realtors Trapani and Clark & Clark, Inc., the latter being the exclusive agents of Aubert, filed suit against Bourg for their commissions, costs and attorney’s fees. The *105 trial court found in favor of the respective plaintiffs and against Bourg, awarding Aubert the requested $2,300, together with attorney’s fees in the amount of $500, plus costs and legal interest from date of judicial demand. It also granted each of the two plaintiff realty firms $690, representing their pro rata of the commission and additionally awarded each of them $200 for attorney’s fees. Bourg appealed from the judgments rendered against him and plaintiffs Aubert and Clark & Clark, Inc., have answered, requesting increases in attorney’s fees. No answer to the appeal was filed on behalf of Trapani.
The facts of this dispute are as follows: On February 11, 1965, Lauland A. Bourg entered into an agreement authorizing the purchase of the Newton Street property for a specified price and under certain stipulated conditions. On February 16, 1965, in a separate document Leonard A. Aubert agreed to sell the property under the identical terms. The property was to be sold for $23,000, the sale being conditioned upon the ability of the purchaser to borrow, with the property as security, the sum of $20,000. The agreement obligated the purchaser to deposit with the seller’s agent $2,300 on, or prior to, 18 days after its acceptance. No such deposit was ever made. The agreement provided that the act of sale was to be passed before May 15, 1965, though the parties later agreed to extend the contract to July 15, 1965, due to certain curative work which had to be accomplished; all other conditions and terms remained the same. In due course the act of sale was set for passage on July 14, 1965, before Meyer L. Dresner, notary, and all parties were notified.
Subsequent to the notification but prior to the 14th, Trapani was informed by counsel for Bourg that the agreement to sell was void because of the failure to convey title within the specified time. The interested parties — with the exception of Bourg • — nevertheless met at the appointed place and time, and when the appellant did not appear, reset the sale for the following day, July 15. Bourg was duly notified of this fact by certified mail but again he did not appear. He was then formally placed in default by notarial act dated July 15, 1965.
Appellants argue that the trial court erred in finding in favor of plaintiffs-appellees in that the contract contained suspensive conditions which were not satisfied and further in that appellees failed to properly place appellant in default.
The suspensive condition which counsel for Bourg contends was never met, therefore rendering the contract null and void, reads as follows:
“This sale is conditioned upon the ability of purchaser to borrow upon this property as security the sum of $20,000.00 by a mortgage loan or loans at a rate of interest not to exceed 6i/?:% per annum, interest and principal payable on or before 15/20 years in equal (monthly) x (quarterly) _ (semi-annual) (annual) _installments.
“Should purchaser, seller or agent be unable to obtain the loan stipulated above within _30 days from acceptance hereof, this contract shall then become null and void and the agent is hereby authorized to return the purchaser’s 'deposit in full. Commitment by lender to make loan subject to approval of title shall constitute obtaining of loan.”
Specifically, appellant submits that the agreement to sell of February 16, 1965, became a nullity on or about March 18, 1965, for the reason that no loan had been obtained before the expiration of 30 days.
This reasoning is specious. It is implicit in the clause upon which the sale is conditioned that good faith attempts will be made on the purchaser’s part to obtain the loan. Only if he is unable to secure the stipulated loan is the contract rendered null. In the case of Brewster v. Yockey, 153 So.2d 489, 492 (La.App. 4th Cir. 1963), the court stated in this regard:
“The law of Louisiana is now well settled that a contractual provision making a *106 sale contingent on the purchaser’s obtaining a particular loan on the property is not a potestative condition rendering the agreement null and void as to the obligor under LSA-C.C. arts. 2024 and 2034. As stated by the trial judge, it is a valid sus-pensive condition which imposes upon the purchaser the inescapable duty to make bona fide efforts to obtain the loan, Morrison v. Mioton, 163 La. 1065, 113 So. 456; Braden v. Reisch, La.App., 125 So.2d 781; Williams v. Cormier, La.App., 100 So.2d 307, and cases cited therein; Stephen L. Guice & Co. v. Perkowski, La. App., 12 So.2d 692 (overruling East Bank Land Company v. Hoffstetter, 13 La.App. 564, 125 So. 160, relied on by plaintiff).”
There is no evidence, testimonial or documentary, that Bourg was unable to obtain a $20,000 loan solely with the Newton Street property as security. In fact, it affirmatively appears from the record that he never attempted to obtain such a loan on this basis. Certainly, under these circumstances Bourg cannot now be heard to argue that his failure to obtain a loan in accordance with the agreement to sell renders the instrument null, relieving him from all liabilities of the contract. Under this reasoning the buyer could nullify the legal efficacy of an agreement to sell by the simple expedient of voluntarily failing to comply with its terms.
The record discloses, however, that the purchaser did submit a loan application to the New Orleans Homestead Association at which time he tendered other property as additional collateral for the $20,000 mortgage loan. We find that this action on his part constituted a voluntary waiver of his right to insist that the subject property be the sole security for the mortgage. See Schroeder v. Krushevski, 186 So.2d 640 (La. App. 4th Cir. 1966). Therefore, the timely (i. e. within 30 days of acceptance of the offer to purchase) approval by the homestead of this loan as proposed is sufficient to constitute fulfillment of the suspensive condition, thereby making the contract to sell fully executory. This conclusion is warranted by the very terms of the agreement which provides: “Commitment by lender to make loan subject to approval of title shall constitute obtaining of loan.”
We further find that the contention of appellant that the agreement to sell had not been extended to July 15, 1965, but, rather, expired on May 15, 1965, is clearly refuted by the document itself. On the face of the instrument at line 23 pertaining to the date the sale must be passed there appears the following handwritten insertion “extended to July 15, 1965” with the signature of Lauland Bourg in the margin. On the reverse side is the written concurrence of Mr. and Mrs. Aubert agreeing to this extension.
In light of our conclusion that the contract was validly extended, the purchaser’s refusal to sign the act of sale on July 14 for the reason that it had expired on May 15 has no basis in law or fact and amounted to a breach of the contract. The purchase agreement contains the following language relative to a breach of its terms:
“In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit, ipso-facto, forfeited, without formality beyond tender of title to purchaser; or the seller may demand specific performance.
“In the event the deposit is forfeited, the commission shall be paid out of this deposit, reserving to the seller the right to proceed against the purchaser for the recovery of the amount of the commission.
“If this offer is accepted, seller agrees to pay the agent’s commission of As per Contract which commission is earned by agent when this agreement is signed by both parties and when the mortgage loan, if any, has been secured.
“Either party hereto who fails, for any reason whatsoever, to comply with the terms of this offer, if accepted, is obli *107 gated and agrees to pay the agent’s commission and all fees and costs incurred in enforcing collection and damages.”
a Thus the appellee was clearly entitled to the $2,300 deposit or in its absence an amount equal to it. Bourg was also liable for realtors’ commissions and for all fees and costs in enforcing the collection of these amounts.
We find no merit in appellant’s contention that he was not properly placed in default. A review of the evidence clearly shows that he was timely notified that the act of sale would be passed on July 14 in the office of Meyer L. Dresner, notary public. Bourg failed to appear and the sale was reset for the following day at 7:30 p. m., the last day of the extension. He was advised of this fact by special delivery certified mail which was receipted for by “E. Bourg,” purchaser’s wife, at their household on July 15. When Bourg nevertheless failed to appear a second time he was formally placed in default by notarial act dated July 15, 1965. Thus all of the requisites for the placing in default were met.
 The judgment of the district court awarded attorney’s fees of $500 to Aubert and $200 to each of the realtors. Attorneys for Aubert and Clark & Clark have requested increases in these amounts. Considering the extent of legal efforts expended in the prosecution of this action we are of the opinion that the award to attorney for Clark & Qark, Inc., should be increased to $400. However, the judgment awarding attorney’s fees to the plaintiff-vendor is contrary to the jurisprudence and must be reversed. In the case of Scurria v. Russo, 134 So.2d 679 (La.App. 4th Cir. 1961), the court, in construing provisions setting out the rights of the parties in the event of default which are identical to those quoted above, concluded that attorney’s fees may be assessed in enforcing the collection of the agent’s commission but are not applicable to the enforcement of the rights of either the seller or the purchaser. Accordingly, the plaintiff-seller is not entitled to a judgment for these fees.
For the foregoing reasons the judgment appealed from is reversed in part, amended in part, and affirmed as amended. Appellant Lauland A. Bourg is cast for costs of this appeal.
Reversed in part; amended in part; and affirmed as amended.