SAMUEL, Judge.
Plaintiff filed this suit against defendant, Mrs. Genevieve Kinler Beaucoudray, seeking $12,000 representing double the amount of a $6,000 cash deposit made by him to secure the sale of property at 4640 South Claiborne Avenue in New Orleans and alternatively seeking return of his $6,000 deposit. Defendant answered, denying liability.
After a trial on the merits, judgment was rendered in favor of plaintiff, ordering the defendant to return the $6,000 deposit. Defendant has appealed from that judgment.
Plaintiff had entered into a franchise agreement with Tastee Donuts, Inc. to operate a doughnut shop and bakery. Defendant, who owned the property in suit with her children, placed it for sale, and plaintiff negotiated with her for its purchase, acting through Vernon Davis, a representative of Tastee.
On April 10, 1976 defendant and plaintiff executed a written contract, entitled “Real Estate Sale Agreement”, for the sale and purchase of the property for $68,000. Pul-len made the required $6,000 cash deposit in due course. The document provided the property was being acquired for the purpose of erecting and operating thereon a doughnut shop, bakery and carry-out restaurant and if such use was prevented by any regulation or restriction the buyer would not be required to accept title or pay for the property. It further provided:
“CONDITIONS PRECEDENT: All of the obligations and duties of the Buyer of this agreement shall be contingent upon the following. Acceptance, of this agreement, by Buyer is subject to final approval of Tastee Donuts, Inc., Rocky Mount, North Carolina, its Executive Committee and Board of Directors, including but not limited to specific corporate resolution(s). Said approval of this agreement shall be within and no later than 30 days after effective date hereof, or this agreement shall be null and void and of no further force or effect.”
The document also stated the act of sale was to be passed on or before July 5,1976, a date later extended by written agreement to July 10,1976. No further written extensions of time were obtained.
The deadline for passing the sale expired, with neither party demanding performance of the other. Plaintiff had obtained financing for the purchase of the property, but he also desired to obtain financing to cover the cost of the entire franchise package, including the partial expense of construction of improvements. The evidence shows both parties continued in their respective desires for the sale to be completed when Pullen was successful in obtaining the financing as he desired it.
In September, 1976, plaintiff obtained a loan commitment for $193,000, which was sufficient for his purposes. He informed defendant through her daughter that he was in a position to proceed with the sale in accordance with the then-expired agreement to sell the property. Defendant agreed to the sale in principle, but demanded plaintiff pay her an additional sum of approximately $1,000 representing cost of insurance incurred by her between the time of the scheduled act of sale and the time plaintiff was able to obtain the desired financing.
Plaintiff then had his attorney write defendant advising her he had obtained the necessary financing and desired to proceed with the sale in accordance with the purchase agreement of April 10, 1976, and demanding either performance or return of his deposit. Defendant advised plaintiff she would not convey the property to him for the original purchase price and further declared she considered the $6,000 deposit forfeited. This suit followed.
*729 The trial judge ordered the deposit returned by defendant for two reasons. First, he held the agreement “never became operative” because there was no evidence the required acceptance and approval of the Tastee Donut parent company had ever been obtained. The second reason for ordering return of the deposit was the trial judge’s conclusion that because the contract provided time was of the essence, and because the time provided for closing the sale expired with no action by either party to enforce the terms of the contract, defendant was in default and was obliged to return the deposit. We find it necessary to consider only the first reason, with which we agree and which requires that we affirm the judgment appealed from.
As stated above, the sale agreement clearly provides that all obligations and duties of the buyer (in this case the plaintiff) were contingent upon acceptance and approval of the agreement, by Tastee Donuts, Inc., its executive committee and board of directors, within 30 days after execution of the agreement between plaintiff and defendant. The record contains no evidence whatever that such approval was given. Thus, by its very terms the agreement was subject to a suspensive condition in the form of approval of the agreement by the parent organization. Because no such approval was given, the agreement never actually came into existence and was never legally binding on the parties.[1]
Defendant’s argument that the suspen-sive condition was waived by plaintiff is without merit. Plaintiff did continue in his desire to obtain the property for the purpose of construction of a Tastee Donut shop thereon. However, his desire was subject to a condition beyond his control, the approval of Tastee Donuts, Inc. The contract is clear that plaintiff’s efforts to acquire the property constituted partial satisfaction of his obligation under a franchise agreement with Tastee Donuts, Inc. to acquire what it considered a site consistent with the general nature of other franchises in the area and throughout other parts of the country. To argue that plaintiff could waive the approval of Tastee is unrealistic. Without that approval the intended purpose of purchasing the property and construction thereon of a building suitable for the operation of the franchise was impossible. Defendant’s cited cases,[2] which she contends support her position that plaintiff waived the suspensive condition contained in the contract, are not applicable.
Tastee withheld approval of the agreement because it did not receive a title binder, because property did not meet zoning requirements for use as a bakery as required by the contract to purchase, and other reasons. Whatever its reasons, Tas-tee in fact did not give its approval and the suspensive condition upon which the contract was predicated was never met. Waiver is a voluntary and intentional relinquishment or abandonment of a known, existing legal right.[3] Plaintiff’s failure to obtain the approval of Tastee was in no way voluntary or intentional. On the contrary, the record in its entirety reflects his continued desire to go forward with the purchase of defendant’s property and with the erection of a Tastee Donut store on it. His efforts to do so were frustrated by failure to obtain approval of the site by Tastee. Under these circumstances, we conclude, as did the trial judge, that the suspensive condition was never met, and the contract did not become binding on the contracting parties.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. See Zemurray v. Boe, 235 La. 623, 105 So.2d 243; Blair v. Diaz, La.App., 342 So.2d 1237; Boudreaux v. Elite Homes, Inc., La.App., 259 So.2d 669.

. Blakesley v. Ransonet, 159 La. 310, 105 So. 354; Keating v. Miller, La.App., 292 So.2d 759. These cases involve construction contracts which, after construction was completed, the owner raised questions regarding deviation by the contractor from the plans and specifications. In these cases the courts held the failure to raise the issue at the time of its occurrence and demand compliance with the contract documents constituted a waiver of the variations.

. Breaux v. Laird, 230 La. 221, 88 So.2d 33.