393 So.2d 287 (1980)
CENTURY 21 ACADIA REALTY AND DEVELOPMENT COMPANY, INC.
v.
Carter M. BROUGH and Frances Hodgson Brough.
No. 13338.
Court of Appeal of Louisiana, First Circuit.
November 12, 1980.
*288 Robert P. Cuccia, Houma, for plaintiff and appellant.
Thomas L. Wright, Houma, for defendants and appellees.
Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
Century 21 Acadia Realty and Development Company, Inc., hereinafter Century 21, brought suit against Carter M. Brough and Frances Hodgson Brough seeking $2,700 in damages, attorney fees of $300 or thirty-three percent of the amount of damages awarded, whichever was greater, and all costs. Century alleged that defendants had breached their contract to purchase certain real estate in Terrebonne Parish and that the breach triggered penalty provisions calling for the damages sought. Defendants denied Century's claims and, as plaintiffs in reconvention, demanded return of their purchase deposit of $1,000 with legal interest.
By agreement of all parties, the matter, in lieu of trial, was submitted on joint stipulations of fact, attachments and briefs. Judgment was eventually rendered in favor of defendants-reconvenors, the Broughs, ordering a refund of their $1,000 deposit together with interest and all costs. Plaintiff's suit was dismissed at its costs. Century 21 appeals. We affirm.
A review of the record indicates that on August 3, 1978, the Broughs contracted to purchase certain property from Mr. and Mrs. Roger Aucoin for $45,000. Century 21 was the real estate agency and Harris Pitre the selling agent.
Conditioning the sale was the ability of the Broughs to borrow $35,000 at interest not exceeding the prevailing rate and for a term of thirty years. Harris Pitre accepted a $1,000 deposit from the Broughs. This deposit was not earnest money.
In the purchase agreement were the following applicable provisions:
"Should purchaser or seller be unable to obtain the loan stipulated above within 60 days from acceptance hereof, this contract shall then become null and void and the broker is hereby authorized to return the purchaser's deposit in full. Commitment by lender to make loan subject to approval of title shall constitute obtaining of loan. Purchaser agrees to make a good faith effort to secure a loan. Failure of purchaser to make a written application and furnish all required financial information for a loan with an approved mortgagee within the contemplated period will be evidence of breach of contract and the deposit will be ipso-facto forfeited."
"It is agreed that time is of the essence and no formal placing in default is necessary..... In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to an amount equal to the deposit as damages, or the seller may demand specific performance. If the seller chooses to declare the deposit forfeited, the real estate agency holding the deposit is authorized to remove the deposit from the Escrow Account for the purpose of first paying the real estate commission and remitting the excess, if any, to the seller. This action shall not stop seller from proceeding against the purchaser for the balance of his damages, nor the real estate agency for the balance of the real estate commission in the event the deposit does not exceed the real estate commission."
"If this offer is accepted, seller agrees to pay the broker's commission of 6%. The commission is earned by broker when this contract is signed by both parties or when the conditional mortgage loan, if any, has been secured, or at the time either party breaches this contract. Either party who fails, for any reason whatsoever, to comply with the terms of this contract, is obligated and agrees to pay the broker's commission and all fees and costs incurred including attorney's fees of the party not at fault and those of the real estate agency's attorney. In the event real estate agency has to sue for its *289 commission, the attorney's fees are hereby fixed at $300.00 or 33% of the amount collected, whichever is greater."
Shortly after the purchase agreement was signed, the Broughs contacted Mr. Paul H. Duet, Vice-President and Manager of the Houma office of the First Federal Savings and Loan Association. Duet informed the Broughs that his institution was not, at that time, taking applications for terms of over twenty-five years. On August 8, 1978, the Broughs then applied for a $25,000 loan for twenty years. The First Federal Savings and Loan Association approved this application on September 13, but it was withdrawn by defendants on September 19.
On October 10, 1978, defendants through counsel, claimed that since no loan had been obtained within sixty days, the purchase agreement was null and void and their $1,000 deposit must be refunded. Plaintiff, alleging that defendants, by failing to apply for the loan specifically mentioned in the purchase agreement, were in bad faith, demanded $2,700 in real estate commission and subsequently brought this action.
No reasons for judgment were provided by the trial court. It is clear however, that the trial court did not find defendants in bad faith. Further, defendants apparently satisfied their obligation to seek a loan by making the application they did with only one lending institution. Any other findings would have necessitated a judgment for the plaintiff.
When a purchaser, through no fault of his own, is unable to obtain the loan as provided for in the purchase agreement, he may invoke an available provision in the contract conditioning the entire agreement on his ability to make said loan, declare the contract null and void and demand the return of his deposit. Burdon v. Harvey, 385 So.2d 514 (La.App. 4th Cir. 1980); Williams v. Enmon, 380 So.2d 144 (La.App. 1st Cir. 1979), writ denied 383 So.2d 12 (1980).
Such a suspensive condition is solely for the purchaser's benefit and if the condition remains unfulfilled because of the purchaser's fault, it will be presumed fulfilled and the condition may not be invoked as a defense to the contract's enforcement. LSA-C.C. Art. 2040.
A purchaser must, in good faith, make reasonable efforts to obtain an agreed on loan. Braden v. Reisch, 125 So.2d 781 (La.App. 4th Cir. 1961); Williams v. Cormier, 100 So.2d 307 (La.App. 1st Cir. 1958); Morrison v. Mioton, 163 La. 1065, 113 So. 456 (1927).
Counsel for Century 21 urges that the Broughs' failure to actually apply for a $35,000 loan for thirty years amounts to a bad faith failure to obtain the loan. Aubert v. Bourg, 259 So.2d 103 (La.App. 4th Cir. 1972), is cited as authority.
Aubert is not in point. In that case, the purchaser offered to put up as collateral for the loan more property than was called for in the purchase agreement. When the loan was approved, the purchaser tried to set up as a defense to the sale the fact that no loan had been made without the extra property. The court disagreed, holding that the purchaser had simply waived the right to put up less property and that the suspensive condition had been fulfilled. Aubert does not hold that a purchaser must apply for a loan exactly as called for in the purchase agreement. It simply states that if a purchaser obtains a loan under less favorable conditions after waiving a suspensive condition beneficial only to him, he may not claim that condition as unfulfilled.
The Broughs did not apply for a thirty year loan at First Federal Savings because Mr. Duet had informed them that his institution would not make such a loan at that time. To find the Broughs in bad faith for not applying for a loan which would not be granted would be to punish a party for not doing a vain and useless thing. This court will not indulge in such a fanciful exercise.
Century 21 also urges that defendants are in bad faith because they only applied for a loan at one institution. Brewster v. Yockey, 153 So.2d 489 (La.App. 4th Cir. 1963), is cited as requiring more than one loan application.
*290 We find counsel's use of Brewster to be inaccurate. Brewster holds that a purchaser whose loan application is refused at one institution must apply at others or be in bad faith when there is evidence in the record that another institution would have approved the loan. See also Liuzza v. Panzer, 333 So.2d 689 (La.App. 4th Cir. 1976). Furthermore, no case flatly requires more than one loan application.
There is no evidence in the record that any other institution would have approved a $35,000, thirty year loan to defendants. There is no evidence that plaintiff offered to help defendants locate such a lender. Since the Broughs invoked the suspensive condition in their favor, it falls to the plaintiff to prove that defendants were in bad faith and are precluded from that defense. On plaintiff's failing to do so, the defense of an unfulfilled condition must stand.
For the foregoing reasons, the trial court judgment is affirmed. All costs, both trial and appellate, are to be paid by Century 21 Acadia Realty and Development Company, Inc.
AFFIRMED.