GARRISON, Judge.
This is an appeal from a judgment of the First City Court granting in favor of the plaintiffs, Clifford Bergeron and Paul Bruno, the sum of $3,000.00 plus legal interest and costs, and against the defendant, James K. Murrell, III. From that judgment, Murrell appeals.
The trial court judge provided the following written reasons for judgment:
“The question in this case was whether the plaintiffs made a good faith effort to obtain financing under an agreement to purchase property at 820 — 22 Ursulines Avenue that was owned by the defendant. The agreement to purchase was conditioned upon the ability of plaintiffs to borrow $350,000 against the property at a rate not to exceed [sic] $13% amortized over 25 years. The condition implies that the purchasers make a good faith attempt to obtain the loan. Aubert v. Bourg, 259 So.2d 103 (1972). No loan was obtained and the plaintiffs seek to recover the deposit.
The evidence indicates that the plaintiffs on at least two occasions submitted packages outlining their proposal to First Financial Bank. The direct testimony of Mr. Bergeron that he twice met with officers of First Financial Bank, provided them documents outlining the loan proposal, discussed the project with them and was told that the institution was not interested in lending against the project until the renovations were completed. At most the defendant’s evidence showed that the loan officer with whom the plaintiffs met was no longer employed by First Financial Bank and that the Bank had no record of a formal application having been made. Accordingly, I find that the plaintiffs fulfilled the implied condition of a good faith attempt to obtain financing, and render judgment in their favor.”
On appeal, defendant raises the following specifications of error:
1. The trial court erred in its factual determination that plaintiffs made good faith bona fide attempts to obtain financing;
2. The trial court erred in failing to apply the following presumptions in defendant’s favor:
a. that Bruno and Thiel’s testimony would be unfavorable to plaintiffs’ case because they were not called as witnesses;
b. that the bank’s failure to produce subpoenaed documents meant that the documents did not exist;
3. The trial court erred in failing to interpret deposition testimony in defendant’s favor.
James Murrell owned the property located at 820-822 Ursulines Street in the French Quarter in New Orleans. Murrell borrowed money from the Whitney Bank to renovate the property into a 7 unit apartment complex. Whitney held a mortgage on the property.
At some point in time Murrell decided to sell the property, although the project was unfinished. In a manner undisclosed by the record, Murrell and Bergeron met and began negotiations. At least four versions of Agreements to Purchase were prepared.
Bruno and Bergeron apparently accepted the following offer which by its terms indicates it was made by Murrell:
[[Image here]]
*358 [[Image here]]
Turning to the first specification of error, it should be noted that great weight is given to the credibility determinations of the trier of fact because he observes the demeanor of the witnesses firsthand. We further note that this Court may not reverse the factual findings of the trial court in the absence of a finding of manifest error.
Turning to the record, Clifford Bergeron testified that the Agreement to Purchase was signed on August 3, 1983. Upon signing of the Agreement, Bergeron and his partner commenced preparation of a loan proposal[1] which they submitted to David *359 Dabdoub, a loan officer at First Financial Bank on August 10, 1983. Dabdoub informed them that his department could not handle this type of loan and referred them to Michael Thiel in Commercial Lending at First Financial. Bergeron made an appointment with and met with Thiel on August 17, 1983, at which time he filled out a loan application. Within a day or two of the meeting, Thiel verbally informed Ber-geron that First Financial was not interested in financing the uncompleted renovation, but would be interested when construction was completed. Thiel confirmed that in a letter dated September 13, 1983.
Bergeron further testified that defendant Murrell referred him to George Cas-sard at the Whitney Bank. Cassard was Murrell’s loan officer at the Whitney. The Whitney held the mortgage on the Ursu-lines property and had originally lent Mur-rell the money for the renovation. The Whitney indicated that it was not interested in funding the renovation project any further and that they were interested in Murrell finishing the project. Bergeron testified that he contacted not only Whitney, but also Columbia Homestead prior to the expiration of the Agreement to Purchase on August 28, 1983.
Bergeron testified that he showed the loan package to Webster Simoneaux at Columbia, but did not make a formal application because Simoneaux indicated that Columbia Homestead would not be interested in the project.
The offer expired and Bergeron informed Murrell that if he were to finish the project, he would be interested in buying it. He further told Murrell that if Murrell could sell it in the unfinished condition, then sell it, but until Murrell sold it, he would continue to seek funding.
At the time of the acceptance of the Agreement to Sell, Bruno and Bergeron gave Murrell a 10% deposit consisting of a $3,000.00 check payable to Murrell and The Whitney and a promissory note for $20,-Presumably, the note was returned to Bruno and Bergeron, as no further mention of it is made. As to the cash portion of the .deposit, it was kept by Mur-rell. Eventually Bruno and Bergeron made formal demand for the $3,000 and the instant suit for return of the deposit ensued. 300.00.
Turning to defendant’s specifications of error, it is apparent that the trial court found plaintiffs’ witnesses more credible than defendant’s witnesses. Plaintiff C.T. Bergeron testified as to his efforts to obtain financing, which banking officers he met and when and how he prepared loan package proposals. As previously discussed, a copy of the proposal was entered into evidence as P-4.
In contrast, defendant attempted to refute Bergeron’s direct testimony by implication. Defendant subpoenaed the loan applications from the banks and Bergeron and cancelled checks for the application fee. Bergeron testified that he owns a number of pieces of real estate, has been involved in a number of loan transactions and that the application fees have always been waived for him. First Financial was unable to locate an application form. Defendant argues because the bank was unable to locate a form, the form never existed. The trial court did not agree and neither does this Court.
Additionally, defendant argues that Bruno and Thiel’s failure to testify gives rise to the presumption that their testimony would be unfavorable to plaintiffs. Defendant is erroneously referring to the general rule that when a party fails to call a witness which it has subpoenaed, it is presumed that the witness’s testimony would be unfavorable to that party. First, Bruno is a party. He did not subpoena himself. Obviously, the general rule is inapplicable in his case. Secondly, a subpoena was requested for Michael Thiel but was never served on him. Mr. Thiel was no longer at that address and could not be located, thus *360 the presumption is inapplicable in his case as well.
On July 28, 1986 after the instant case was submitted to this Court for adjudication, defendant filed a pleading entitled “Notice of Chapter 7 Case Filing” alleging that plaintiffs Bergeron and Bruno had filed under Chapter 7 of the Bankruptcy Code and argued the instant case was automatically stayed citing 11 U.S.C. § 862. At this Court’s request, plaintiffs responded alleging that any filing would not act as a stay in the instant case. We agree.
Section 362 provides that a petition for relief acts as a stay of the commencement or continuation of “a judicial, administrative, or other action or proceeding against the debtor....” The instant case is not one against the debtors but is a claim by and on behalf of the debtors. Accordingly, these proceedings are not stayed.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.

. See P-4 entitled "Offering for Financing Re: Rental Apartments Located at 820-822 Ursu-lines Street”. The loan proposal contains photos of the property, a factual summary, loan request, breakdown of loan proceeds, estimate of construction prices for completion of the buildings, income projection from the 7 apartment units, and income tax returns and net *359 worth statements from Clifford Bergeron, Paul Bruno, John Munoz, and J. Broocks Greer, III, all partners in the project.