372 So.2d 766 (1979)
Leonard and Geraldine HEATHERLY
v.
Melvin H. ROSENBERG, Albert C. Cuevas and Farnsworth/Samuel, Ltd.
No. 10227.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1979.
Rehearing Denied July 12, 1979.
*767 Reynolds, Nelson, Theriot & Stahl, Donald E. Theriot, New Orleans, for plaintiffs-appellees.
Morphy, Faulkner, Simpson & Dimaria, Steven K. Faulkner, Jr., Metairie, for Melvin H. Rosenberg and Albert C. Cuevas defendants-appellants.
Before REDMANN, GULOTTA and STOULIG, JJ.
STOULIG, Judge.
Defendants, Melvin H. Rosenberg and Albert C. Cuevas, have appealed a summary judgment decreeing they forfeited a $4,800[1] deposit by failing to take title to real property they contracted to purchase.
On October 20, 1977, defendants signed an offer to buy property at 1026 St. Mary Street, New Orleans, for $48,000 conditioned on their being able to borrow $29,400 at 9½% per annum interest. When the agreement was signed, defendants deposited $2,000 cash and a promissory note for $2,800 payable to the broker, Farnsworth/Samuel, Ltd., and signed by defendant Rosenberg. Under this contract, executed on the "Standard Form Real Estate of New Orleans, Inc.", the parties stipulated title was to pass before lender's notary at any time after November 15 and not later than November 30, 1977. On November 16, 1977, both defendants notified the sellers in writing that the contingent loan condition was removed[2] which, in effect, converted the agreement to one for cash purchase.
November 30 came and went without either seller or buyer setting a formal act of sale; however, the depositions of plaintiffs and listing realtor Leah Thayer state it became apparent before November 30 that defendants would not go to an act of sale, if it were set. These depositions, together with a copy of a letter written by plaintiffs' attorney Donald E. Theriot on November 28, 1977, were filed in connection with the motion for summary judgment by plaintiffs. The letter addressed to both defendants reads in part:
"This office represents Leonard Heatherly in connection with his agreement with yourselves to sell the captioned property.
"By this letter, Mr. Heatherly formally notifies you that he stands ready to tender title to the captioned premises to you at any time on or before November 30, 1977. Your failure to arrange for and complete an act of transfer of the property on or before said date will be assumed by Mr. Heatherly to constitute a default on your agreement to purchase said captioned *768 premises dated October 20, 1977. In such event, Mr. Heatherly has instructed this office to proceed to exercise all legal remedies available to him pursuant to the provisions of said agreement to purchase.
"I look forward to hearing from either or both of you as to the scheduling of the Act of Sale."
On November 30, Donald Theriot received a handwritten note dated that same day signed by Herman Rosenberg stating he would lend Melvin H. Rosenberg $48,000 at the act of sale of the St. Mary property which stipulated:
"I will need an extension till [sic] after January 5, 1978 by my attorney to check titles."
The extension sought was not granted. Rather the sellers claimed the deposit as damages and defendants now challenge their right to do so because it is argued plaintiffs failed to comply with the requirement that buyers must be tendered title before the sellers can claim the deposit as forfeited.
Theriot's letter of November 28 to defendants was a formal tender of title which is one of the methods C.C. art. 1911(2)[3] sets forth for a putting in default. At its writing it was apparent to sellers and broker that the defendants would not attend an act of sale. Neither buyer filed a countervailing affidavit to contradict this fact. In fact the request for an extension of time signed by Melvin H. Rosenberg and received by Theriot on November 30, plainly stated an extension was needed until January 5, 1978, apparently in order to obtain financing.
At this point in time it would have been wasted motion for the sellers to set an act of sale. The law does not require a seller to put a buyer in default by tendering title once the buyer has refused to perform. In Fox v. Doll, 221 La. 427, 59 So.2d 443, 445 (1952), the Supreme Court stated:
"* * * There is no particular form required by Article 1913, R.C.C., for making the demand; it is sufficient that the notification contains demand of performance on the part of the debtor, and announce a readiness on that of the creditor, to do what the agreement requires of him. What that is, of course, depends on the circumstances of each case; the offer must be construed in relation to them. Wilbor v. M'Gillicuddy, 3 La. 382, 385. Moreover, it is not necessary to put one formally in default who refuses to perform or who acknowledges an inability to perform. * * *"
Appellants cite Alley v. New Homes Promotion, Inc., 247 So.2d 218 (La.App. 4th Cir. 1971), as authority for the proposition that a deposit cannot be forfeited unless the seller first makes a formal tender of title. In that case the vendor simply wrote the vendee a letter stating final approval of the subdivision had been granted and that purchaser is expected to take title within 30 days of approval. No one set an act of sale or requested performance. In the instant case vendors demanded performance in writing and vendees responded with a request for an extension. The prerequisite of tender of title was met.
C.C.P. art. 966 permits summary judgment where there are no genuine issues of material facts and mover is entitled to judgment as a matter of law. Here the litigants concede the facts and rest their respective positions on the law they contend is applicable. We find no error in the trial court's granting of summary judgment.
For the reasons assigned, the judgment appealed from is amended to reflect the promissory note is drawn for $2,800 and as amended is affirmed.
AMENDED AND AFFIRMED.
REDMANN, J., dissents with written reasons.
*769 REDMANN, Judge, dissenting.
The printed contract form rejects the Louisiana Civil Code rules on putting in default and it is therefore error to apply them. The form provides instead that the deposit may be forfeited without formality beyond tender of title. One does not tender title by telephone to the buyer himself, much less by telephone to one's own attorney instructing the attorney to write a letter. Nor can one's attorney tender title in the absence of a written special power of attorney. One tenders title by causing to be prepared an instrument translative of title and offering to execute that instrument at a designated place and time (and one proves tender by proces verbal of the notary who was prepared to pass the act translative of title).
NOTES
[1] The judgment erroneously alluded to a promissory note given as a partial deposit as a $2,500 note. It is $2,800.
[2] The letter notice of November 16, 1977 read as follows:

"Financing is no longer a contingency with respect to the purchase of 1026 St. Mary Street."
[3] C.C. art. 1911(2) provides a debtor may be put in default:

"By the act of the party, when at or after the time stipulated for the performance, he demands that it shall be carried into effect, which demand may be made, either by the commencement of a suit, by a demand in writing, by a protest made by a notary public, or by a verbal requisition made in the presence of two witnesses."