GARRISON, Judge.
This is an appeal from a judgment in which liquidated damages and attorney’s fees were awarded to plaintiffs and their real estate agent for breach of a real estate purchase agreement by the defendant/purchaser.
The facts of this case are as follows:
Plaintiffs, Mr. and Mrs. Angelo Y. Qua-glino, Jr., owned a home located at 3412 Palmisano Boulevard in Chalmette, Louisiana. They listed this property for sale with the real estate company of Latter & Blum, Inc. On March 27, 1982, the defendant, Melvin J. Ziegler, Jr., made an offer to purchase this property and this offer was subsequently accepted by the plaintiffs. Both parties executed a standard purchase agreement under the direction of the listing and selling real estate agent, Millie France.
The purchase agreement set forth the obligations of both parties. The portion of the standard agreement which states that the agreement is conditioned on the ability of the purchaser to obtain financing was marked “not applicable” for this particular transaction. This section was eliminated from the agreement by the real estate agent due to the fact that this sale was going to involve owner financing rather than standard lender financing. An addendum was attached to the purchase agreement indicating the terms of the owner financing arrangement. Both parties signed both documents and were given the opportunity to ask questions as to the terms of the agreement.
This particular agreement provided that the purchaser pay a deposit of 10% of the purchase price at the time of the signing of the purchase agreement. In accordance with this provision, Mr. Ziegler gave Ms. France a check in the amount of $15,800.00 at the signing of the agreement which took place on March 27, 1982. However, Ziegler postdated this check for March 31, 1982 and explained that he needed this additional time in order to “transfer some funds”.
On March 31, 1982, the defendant issued an oral stop payment order to the bank from which the $15,800.00 check was drawn. A written stop payment request was signed on April 2, 1982. Mr. Ziegler claims that he stopped payment on this check because his father suddenly became seriously ill and, therefore, the bank refused to process a loan to Ziegler which he needed in order to cover the amount of the deposit check for the Quaglino home.
At the signing of the purchase agreement, the parties agreed to set the act of sale for April 29, 1982. All parties were notified as to this closing; however, Ziegler failed to appear and refused to take title to the property.
Plaintiffs filed suit for the amount of the deposit and for attorney’s fees. Latter and *767 Blum intervened in the suit and asked to be awarded the agent’s commission and attorney’s fees. The demands in this suit were made pursuant to a portion of the purchase agreement which states:
“Upon acceptance of this offer, seller and purchaser shall be bound by all its terms and conditions and purchaser becomes obligated to deposit with seller’s agent immediately 10% of the purchase price amounting to $15,800.00 and failure to do so shall not void this agreement but shall be considered as a breach thereof and seller shall have the right, at his option, to demand liquidated damages equal to the amount of the deposit or specific performance and purchaser shall, in either event, be liable for agent’s commission, attorney’s fees and costs.”
The trial judge entered judgment in favor of the plaintiffs and intervenors and awarded damages as follows:
To Mr. and Mrs. Quaglino:
Liquidated Damages $15,800.00
Attorney’s Fees 8,950.00
Total 19,750.00
To Latter and Blum:
Agent’s Commission $8,320.00
Attorney’s Fees 2,000,00
Total 10,320.00
Therefore, Mr. Ziegler was found liable for the amount of $30,070.00 and he now appeals this judgment.
On appeal, the defendant argues that it was his understanding that he would not be bound by this agreement if he was unable to obtain financing. He assumed that the blanks marked “not applicable” on the purchase agreement were designated as such only because this sale involved owner financing as specified in the addendum. However, he was under the impression that the sale continued to be subject to the ability of the defendant to obtain financing. Defendant claims that the portion of the agreement quoted above which refers to liquidated damages was ambiguous in that it did not specify whether or not this clause applied in the case of the inability of the purchaser to obtain financing. He argues that because this clause was not specifically explained to him by the real estate agent, he should not be bound by it. Mr. Ziegler also claims that he informed Ms. France immediately of his father’s illness and of his coinciding inability to obtain financing. Defendant argues that this was a fortuitous event which prevented him from complying with his part of the agreement and that this non-compliance occurred through no fault of his own. Therefore, he argues that this event relieves him from paying liquidated damages.
A review of the purchase agreement and the addendum pertaining to owner financing clearly reveals that this contract was not subject to a suspensive condition, i.e. the ability of the purchaser to obtain financing. Additionally, it should be noted that the defendant is well versed in real estate transactions. He is an officer in a corporation dealing in the buying, selling and building of property, an officer in a land development corporation, an officer in a millwork corporation and the owner of numerous rental properties and other investment property.
The Louisiana Supreme Court in Chauvin v. Bohn, 411 So.2d 442 (La.1982) stated that:
... It is the writing and the words that are important in the sale of immovables, not extrinsic evidence.
“Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.” C.C. 2276 In light of the prohibition in this article, the court is constrained to an examination of the instrument itself; ...
Therefore, Mr. Ziegler’s self-serving testimony as to his intentions and his understanding of the purchase agreement is irrelevant due to the unambiguous wording of the contract. In the recent case of Lewis v. Gary, 439 So.2d 1236 (La.App. 5th Cir.1983), plaintiffs/sellers sued the defendant/purchaser for liquidated damages amounting to the forfeited deposit and attorney’s fees. The defendant argued that the sale was conditioned upon the buyer’s obtaining funds for the purchase price *768 from a settlement of the community of acquets and gains. She argued that her reconciliation with her husband had the effect of cancelling all obligations under the contract. The Fifth Circuit affirmed the trial court’s decision to award liquidated damages to the plaintiffs. This decision was made in light of the fact that there was no indication in the agreement that the sale was conditioned upon the buyer’s receipt of funds from the anticipated partition of the community of acquets and gains then existing with her husband.
In the instant case, there is no indication in the purchase agreement that the sale was conditioned upon the ability of the purchaser to obtain financing. The purchaser could have easily ascertained this information had he carefully read the agreement and addendum and asked this question to the real estate agent. If Mr. Ziegler intended for the addendum to include the suspensive condition clause which was marked “not applicable” on the main agreement, he should have made a note to that effect on the agreement.
Therefore, for the reasons discussed above, the decision of the trial court is affirmed. Appellant shall bear all costs of these proceedings.
AFFIRMED.