GULOTTA, Judge.
This is a concursus proceeding involving conflicting claims to money deposited under an agreement to purchase or sell real estate. In a summary judgment ordering a refund of the deposit to the buyer after the act of sale failed to pass, the trial judge concluded that the agreement was a nullity because the buyer had been unable to satisfy a suspensive condition of obtaining mortgage financing to purchase the property. We reverse and remand.
On September 26,1983, Warren A. Cervi-ni, III agreed to purchase a house owned by Harold B. White, Jr. for the sum of $142,000.00 on the terms of “all cash to seller, $50,000.00 cash down and balance to be financed though homestead loan”. Cer-vini deposited ten percent of the purchase *1246 price with the real estate agent in the form of a $2,000.00 personal check and a $12,-200.00 demand promissory note payable at the time of the act of sale. The “Agreement to Purchase or Sell” was conditioned on Cervini’s ability to borrow $92,000.00 on a mortgage loan, and if the loan were not obtainable then the contract would “be null and void” and the agent was authorized to return the purchaser’s deposit in full.
On October 19, 1983, Cervini entered into a “Loan Committment Agreement” with the Pelican Homestead and Savings Association of New Orleans (Pelican), whereby the homestead agreed to loan $92,000.00 of the $142,000.00 sale price. Although the loan agreement did not state so, Pelican understood that Cervini would be receiving a gift of $50,000.00 cash from his father to pay the seller at the time of the act of sale. In an October 25, 1983 letter, Cervini’s father verified to Pelican that he intended to give his son that amount to apply to the purchase of the home.
On November 16, 1983, however, the Homestead was notified that the $50,000.00 gift was rescinded because it had been intended as a wedding present and Cervi-ni’s marriage plans had been cancelled. Pelican thereby notified the younger Cervi-ni that it would not loan the $92,000.00 because of the $50,000.00 gift rescission. Pelican cited the provision of its loan commitment agreement that conditioned the loan upon “the continuation of all the circumstances prevailing at the time of the loan application that reasonably may have induced the Association to approve the loan application.” Pelican further informed Cervini that if he wished to re-submit his loan request it would be necessary “to verify the complete down payment.”
After the seller refused to release the deposit and Cervini failed to appear for the scheduled act of sale, the real estate agent filed a petition for concursus and placed the $2,000.00 check and the $12,200.00 promissory note into the registry of the court. Following a joint stipulation of the documentary evidence, Cervini moved for a summary judgment on the grounds that his failure to obtain the $92,000.00 mortgage loan rendered the agreement to purchase the house null and void and entitled him to a refund of his deposit. The trial judge granted Cervini’s motion and ordered the Clerk of Court to release the cash and promissory note to him.
Appealing, the seller White contends that the agreement to purchase is not null and void where the purchaser’s failure to obtain the homestead loan resulted solely from his inability to furnish the cash down payment. In this regard, White points out that though the sale was conditioned upon the ability of the purchaser to obtain the loan, Cervini unconditionally promised to make a $50,000.00 cash down payment to the seller and Cervini’s failure to do so caused Pelican to revoke its loan commitment. We agree.
A purchaser who is unable to obtain a loan stipulated in a purchase agreement, through no fault of his own, is normally relieved of his obligation to purchase and entitled to a return of his deposit. Burdon v. Harvey, 385 So.2d 514 (La.App. 4th Cir. 1980), writ denied 393 So.2d 742 (La.1980); Liuzza v. Panzer, 333 So.2d 689 (La.App. 4th Cir.1976). The purchaser has an implied obligation to make a good-faith effort to obtain the financing, however, and if he fails to do so, the suspensive condition to the act of sale is considered as fulfilled, and he is estopped from asserting the nullity of the contract based upon his inability to obtain financing. LSA-C.C. Art. 1772 (formerly LSA-C.C. Art. 2040 (1870); Kraft v. Baker, 377 So.2d 871 (La.App. 4th Cir.1979); Groghan v. Billingsley, 313 So.2d 255 (La.App. 4th Cir.1975), writ denied 318 So.2d 46, 48 (La.1975).
In the instant case, although the agreement to purchase was subject to the condition that Cervini finance the $92,-000.00 balance of the purchase price through a mortgage loan, the agreement presupposes that Cervini has the ability to furnish a $50,000.00 cash down payment to the seller apart from the financed portion of the purchase price. Cervini in fact did obtain the necessary financing; however, *1247 because of the withdrawal of the amount of the down payment by the purchaser (through his father), the sale did not take place. It was because of purchaser’s breach that the obtained loan was revoked. Under these circumstances, the purchaser is not entitled to avail himself of the provision nullifying the agreement where the loan is not obtainable. The fact is that the loan was obtained by purchaser and later revoked. In such instance, the purchaser is not entitled to a refund of his deposit. As stated in LSA-C.C. Art. 1772, “A condition is regarded as fulfilled when it is not fulfilled because of the fault of a party with an interest contrary to the fulfillment”.
The instant case is akin to Quaglino v. Ziegler, 452 So.2d 765 (La.App. 4th Cir. 1984), where we held that the fortuitous illness of a purchaser’s father did not relieve the purchaser from paying liquidated damages for breach of a real estate purchase agreement that was not subject tc a suspensive condition of the ability of the purchaser to obtain financing. Likewise, in Lewis v. Gary, 439 So.2d 1236 (La.App. 5th Cir.1983), a purchaser who reconciled with her husband after signing an agreement to purchase a house was not entitled to a refund of her deposit where there was no indication in the purchase agreement that the sale was conditioned upon the buyer’s receipt of funds from an anticipated partition of her community property. Similarly, because the contract in our case is silent as to his intended marriage or a gift from his father, Cervini cannot rely on a fortuitous change in his wedding plans to relieve him of his obligations under the agreement to purchase.
Accordingly, we reverse and set aside the trial court’s judgment ordering the Clerk of Court to release to Cervini the cash deposit and promissory note held in this concursus proceeding.
Although White has filed a “Counter Motion for Summary Judgment” seeking an order directing the Clerk of Court to release the deposit and promissory note to him, the trial judge did not expressly deny the seller’s motion in the judgment now on appeal. Accordingly, that aspect of the matter is not before us. We therefore remand the matter to the trial court to proceed with a hearing on the seller’s motion for summary judgment and any other proceedings not inconsistent with this opinion.
REVERSED AND SET ASIDE; REMANDED.